ALLYN L. SWEENEY (ISB# 2524)
RINGERT CLARK CHARTERED
455 S. Third, P. O. Box 2773
Boise, Idaho 83701-2773
Telephone: (208) 342-4591
Fax No.: (208) 342-4657



Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WANDA BARNES and CHARLES BARNES, wife and husband,  )<br>  )<br>  )<br>Plaintiffs,  )<br>  )<br>-vs-  )<br>  )<br>SULZER ORTHOPEDICS, INC.,  )<br>  )<br>Defendant.  )<br>  )<br>  )<br>_____ ) | Case No. CIV01-234-S-LMB<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties to this action realize that some information sought in the discovery of this case may contain or relate to confidential and sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, information involving privacy interest, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis. In addition, the parties believe that good cause exists for discovery in this action to be conducted under a Stipulated Protective Order pursuant to Federal Civil Procedure Rules 26(c) and 29. Therefore, to facilitate the production and receipt of information during discovery in this action, the parties stipulate, through their respective counsel, and subject to the approval of this Court, to the entry of this STIPULATED PROTECTIVE ORDER ("Order") as follows:

**STIPULATED PROTECTIVE ORDER - 1**
C:\DOC\Wst\Sulzer\Barnes\Stip-Prot.Ord.wpd

1.      This Stipulation and Order governs the production and handling of information designated as CONFIDENTIAL contained in or derived from documents[1], deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof, (collectively, "discovery material") produced by any person ("producing person"), including parties and non-parties, during the proceedings in this Action and any related action in which this Order has been adopted and stipulated to in writing by counsel of record.

2.      This stipulated protective order specifically excludes one category of documents and testimony relating to the porous coating process used on the Inter-Op™ acetabular shell, called CSTi. Defendant Sulzer Orthopedics Inc. ("SOI") has indicated that such process both not relevant to the subject matter of this action nor is amenable to adequate protection under this or any stipulated protective order. At this time, the CSTi documents have not been requested. Thus, to facilitate production of other documents and things, the parties hereto have agreed to address the issue of the CSTi documents and testimony separately if necessary.

3.      A producing person may designate as CONFIDENTIAL discovery material that the producing person reasonably and in good faith judgment believes contains or discloses confidential and sensitive financial data, technical information, trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, and other commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis.

---

[1] The word "document" shall include any writing, including any handwriting, typewriting, printing, photostating, photographing, and every other means of recording, electronically or otherwise, upon any tangible thing any form of communication or representation, including letters, words, pictures, sounds or symbols, or combination thereof.

**STIPULATED PROTECTIVE ORDER - 2**
C:\DOC\A\Sulzer\Barnes\Stip-Prot Ord.wpd

4.     Discovery material may be designated CONFIDENTIAL by stamping "CONFIDENTIAL," as appropriate, on the face of each page of each document or by using such other procedures as may be agreed upon by the parties.  Such stamping or marking shall take place prior to production or subsequent to selection by the receiving party for copying but prior to the actual copying.  Such stamping or marking must be done expeditiously so as to reasonably avoid delays in the production of documents or disclosure of information.  The stamp or mark shall be affixed in such manner that the written matter is not obliterated or obscured.

5.     In the event that any question is asked at a deposition which a party or non-party asserts calls for CONFIDENTIAL information, such question shall nonetheless be answered by the witness fully and completely, to the extent required by law.  Any party or any non-party witness may, either on the record at the deposition or by written notice to counsel for all parties no later than thirty (30) days after receipt of transcript of said deposition, designate portions of oral testimony as CONFIDENTIAL if such party or non-party witness reasonably and in good faith judgment believes the criteria for such designations set forth in Paragraph 3 herein are satisfied. A separately bound transcript of those portions of the testimony that contain CONFIDENTIAL information shall be made if requested by the designating party.  All oral testimony, regardless of whether designated as CONFIDENTIAL on the record, shall be treated as CONFIDENTIAL and subject to this Order until thirty (30) days after receipt of the transcript of said deposition by all parties.  Certain depositions may, in their entirety, be designated CONFIDENTIAL prior to being taken because of the anticipated testimony.

6.     All written discovery requests and responses thereto which contain information considered to be CONFIDENTIAL shall be designated as CONFIDENTIAL by stamping them in accordance with this Order.

**STIPULATED PROTECTIVE ORDER - 3**
C:\DOC\AMS\suzan\BannerStip-Prot Ord.wpd

7.      The inadvertent or unintentional disclosure by a producing person of discovery material considered by that person to be CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto.  Any such inadvertently or unintentionally disclosed discovery material shall be designated as CONFIDENTIAL as soon as reasonably practicable after the producing person becomes aware of the erroneous disclosure and shall thereafter be treated as CONFIDENTIAL by all thereafter receiving persons absent redesignation pursuant to court order.

8.      When CONFIDENTIAL information is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 13 are present during such presentation, quotation or reference.

9.      A producing person may redact information from discovery material that is designated CONFIDENTIAL pursuant to this Order.  Such redaction shall be limited to the names, addresses, telephone numbers, facsimile numbers, social security numbers, treating physicians, hospital of treating physicians, addresses, telephone and facsimile numbers of such hospitals, patient identification numbers, and other identifying information of any patient or study participant who received an implant of the InterOp™ acetabular shell.

Any discovery material so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted.  Upon the request of any party, the producing person shall promptly produce a log describing the nature of the redacted information.

10.     No person receiving a document or transcript designated as "Confidential Pursuant to Court Order" or CONFIDENTIAL shall disclose it or its contents to any person other than those

**STIPULATED PROTECTIVE ORDER - 4**
C:\DOC\Ken\Suban\Barnes\Stip-Prot.Ord.wpd

described in Paragraph 13 below.  No such disclosure shall be made for any purposes other than those specified in that paragraph, and in no event shall such person make any other use of such document or transcript or any information contained therein.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons to whom any document or transcript so designated is disclosed.  Such written agreement shall be obtained by securing the signature of any recipient of such document or transcript at the foot of a copy of this Order after having such recipient read the Order and having explained its contents to such recipient.  Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

11.    Except as agreed by the producing person or as otherwise provided herein, information designated as CONFIDENTIAL shall (1) only be used in the preparation for trial, trial, preparation for arbitration, arbitration and/or any appeal of this Action or any related action in which this Order has been adopted and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 13 below.

12.    CONFIDENTIAL discovery material may not be used by any person receiving such material for any business or competitive purpose and shall be used solely for purposes of the litigation as described in Paragraph 11 and for no other purpose without prior written approval from the Court or the prior written consent of the producing party or non-party.

13.    Discovery material designated as CONFIDENTIAL by a party or a non-party shall be disclosed only to the following persons:

(a)    Counsel of record in this action and counsel of record in related actions in which this Order has been specifically adopted and stipulated to in writing, and such

**STIPULATED PROTECTIVE ORDER - 5**
C:\DOC\Wall\Gutten\Barnes\Stip-Prot Ord.wpd

partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense or settlement of such actions;

(b)     Any person, including employees of a party, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action or related actions in which this Order has been specifically adopted and stipulated to in writing by counsel of record, provided that each such expert has read this Stipulated Protective Order in advance of disclosure and undertakes in writing to be bound by its terms.  A copy of such writing shall be furnished to the producing party on reasonable request as set forth in Paragraph 10.

However, in the event that such expert or consulting expert is a current employee of or has a continuous, regular, ongoing or current consulting arrangement of any kind with any entity involved in the design, manufacture or distribution of prosthetic hip implants, the party seeking to distribute or show the CONFIDENTIAL information to such expert or consultant shall not disclose such information to such expert or consultant unless 1) the party wishing to disclose the CONFIDENTIAL information promptly identifies each expert to the counsel of the producing person in writing prior to disclosure of such material or information to such expert or consultant, 2) the producing person does not object to such disclosure in writing within ten (10) days of such written notice, 3) the producing person does not attempt to meet and confer to resolve the issue within ten (10) days from the mailing of the written objection, **and** 4) the producing person does not move for a protective order prohibiting disclosure to the expert or consultant within fifteen (15) days after the required attempt to meet and confer.

**STIPULATED PROTECTIVE ORDER - 6**
C:\DOCA\Gulbir\Barnett\Stip-Prot Ord.wpd

(c)       The Court or any other Court having jurisdiction over discovery procedures in this Action or related actions in which this Order has been specifically adopted and stipulated to in writing by counsel of record.

(d)       Representatives of the United States Food and Drug Administration ("FDA") and the United States Department of Justice.  Prior to disclosure to any FDA or Justice Department representative, the producing person must be notified in writing, and the material to be produced must be identified by production number.  Any FDA or Justice Department representative to whom disclosure is made shall be advised of the provisions of this Agreement;

(e)       Any court reporter or typist recording or transcribing testimony in this Action or in a related action in which this Order has been specifically adopted and stipulated to in writing by counsel of record and any outside independent reproduction firm;

(f)       Any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial or deposition;

(g)       In-house counsel for a party;

(h)       In the event that any of the foregoing persons ceases to be engaged in the preparation of this Action and all related actions in which this Order has been specifically adopted and stipulated to in writing by counsel of record, access by such person(s) to discovery material designated as CONFIDENTIAL shall be terminated.  Any such material in the possession of any such person(s) shall be returned or destroyed.  The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

**STIPULATED PROTECTIVE ORDER - 7**
C:\DOC\AW\Suzie\Barnes\Stip-Prot.Ord.wpd

14.     The recipient of any CONFIDENTIAL documents material or information provided pursuant to this Order shall maintain such documents, material or information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such documents, material or information.

15.     In rendering services or otherwise communicating with his or her client, counsel shall not disclose the specific content of any CONFIDENTIAL material, documents or information where such disclosure would not otherwise be permitted under the terms of this Order.  Nothing herein shall bar or otherwise restrict any counsel from rendering advice to his or her client with respect to any action in which this Order has been adopted and stipulated to, and in the course thereof, from relying upon CONFIDENTIAL discovery material or information.

16.     In the event that additional persons become parties to this Action or a related action in which this Order has been specifically adopted and stipulated to in writing by counsel of record, they shall not have access to CONFIDENTIAL discovery material or information until they have signed the Order and agreed to be bound and this Stipulated Protective Order has been amended, with the Court's approval, to govern such additional persons.

17.     Unless otherwise ordered by the Court, or agreed to by all parties to a particular action in which this Order has been adopted and stipulated to, any documents, including but not limited to pleadings, memoranda, deposition notices, deposition transcripts, interrogatories, requests for document production, subpoenas, and responses thereto containing, paraphrasing or summarizing discovery material designated CONFIDENTIAL, produced in that particular action, and hereafter filed with the Court shall be filed with the Court in a sealed envelope or other suitable container with a cover label bearing the caption of the action, the title of the document, and a statement substantially in the following form:

**STIPULATED PROTECTIVE ORDER - 8**
C:\DOCVAil\SusanBarnes\Stip-Prot-Ord.wpd

## TO BE FILED UNDER SEAL PURSUANT TO ORDER
## OF THE UNITED STATES DISTRICT COURT

This envelope contains CONFIDENTIAL material encompassed by a STIPULATED PROTECTIVE ORDER and is not to be opened nor the contents thereof displayed or revealed except by Order of this Court. Violation of this Order may be regarded as contempt of the Court.

However, said materials shall be available to the Court and counsel of record, and to all other persons entitled to receive CONFIDENTIAL information pursuant to this Order.

18.     Any party may at any time request from the producing person, in writing, the release of discovery material or information designated as CONFIDENTIAL, or filed under seal, from the requirements of the terms and provisions of this Order.  Upon receipt of such request, the producing person and the party requesting the exemption shall attempt to meet and confer.  If the parties are unable to agree as to whether the discovery material or information at issue is properly designated CONFIDENTIAL, any party may raise the issue of such designation with the Court. Pending a ruling from the Court, the producing person's designation shall control.

19.     Nothing in this Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the producing party at least five (5) business days in advance of production or disclosure of the CONFIDENTIAL discovery material or information to the third party pursuant to such subpoena.

20.     Nothing in this Order shall prevent or restrict counsel for a producing party (or a producing non-party) in any way from inspecting, reviewing, using, or disclosing the discovery material produced or provided by that party (or non-party), including discovery material designated as CONFIDENTIAL. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Order.

21.    Nothing in this Order, nor any failure by a party to challenge the designation by any other party of any documents material or information as CONFIDENTIAL shall be construed as an admission or agreement that any specific document material or information is or is not confidential or proprietary, or is or is not otherwise subject to discovery or admissible in evidence.

22.    Nothing in this Order shall be construed as a limitation on the use of admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Order, or to enter further Orders respecting confidentiality, discovery, etc., as may be necessary.

23.    The obligations of this Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.

24.    Upon final determination of the action in which the particular materials were produced, the producing parties and non-parties may request the return to them of all materials designated CONFIDENTIAL and previously furnished or produced in such action, including any copies thereof. Within thirty (30) days from the receipt of such request, each person or party to whom such materials have been furnished or produced shall be obligated to return same, including any copies, or to destroy such documents and certify that they have been destroyed, except that the recipient need not destroy or return transcripts of depositions that refer to CONFIDENTIAL information and CONFIDENTIAL materials filed with the Court. Each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to CONFIDENTIAL information.

25.    The provisions of this Order, insofar as they restrict the disclosure and use of discovery material designated CONFIDENTIAL or information derived therefrom, shall continue

**STIPULATED PROTECTIVE ORDER - 10**

C:\DOC\AthSultze\Bames\Slip-Prot Ord.wpd

to be binding notwithstanding the conclusion of any action in which this Order was adopted and stipulated to, unless written permission to the contrary is obtained from the producing person or the Court otherwise orders.

DATED this _18th_ day of _July_, 2001

**COUNSEL FOR PLAINTIFFS:**
LAW OFFICES OF HEPWORTH LEZAMIZ & HOHNHORST CHARTERED

By:_____
    John T. Lezamiz

**COUNSEL FOR SULZER ORTHOPEDICS INC.**
RINGERT CLARK CHARTERED

By:_____
    Allyn L. Sweeney


## O R D E R

This Stipulated Protective Order governs the production and handling of CONFIDENTIAL information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof, produced by any person, including parties and non-parties, during the proceedings in this Action and any action in which this Order is adopted and stipulated to.

**IT IS SO ORDERED.**

DATED this _20th_ day of _July_, 2001

_____
THE HONORABLE LARRY M. BOYLE
UNITED STATES MAGISTRATE JUDGE


**STIPULATED PROTECTIVE ORDER - 11**
C:\DOC\AllSulzer\Barnet\Stip-Prot.Ord.wpd



rb

United States District Court
for the
District of Idaho
July 20, 2001

* * CLERK'S CERTIFICATE OF MAILING * *

Re:  1:01-cv-00234

I certify that a copy of the attached document was mailed to the
following named persons:

    John T Lezamiz, Esq.
    HEPWORTH LEZAMIZ & HOHNHORST
    PO Box 389
    Twin Falls, ID  83303-0389

    Allyn L Sweeney, Esq.
    RINGERT CLARK
    PO Box 2773
    Boise, ID  83701-2773


                                        Cameron S. Burke, Clerk

Date: _7-20-01_____          BY: _____
                                        (Deputy Clerk)